Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanlaw.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanlaw.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanlaw.com
THIERMAN LAW FIRM, P.C.
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARKUS LEVERT and OMAR UNATING, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>TRUMP RUFFIN TOWER I, LLC, d/b/a Trump International Hotel Las Vegas; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendant(s). | Case No.: 2:14-cv-01009-RCJ-CWH<br><br>**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>1) Failure to Pay Wages for All Hours Worked in Violation of 29 U.S.C. § 201, et seq.;<br><br>2) Failure to Pay Overtime in Violation of 29 U.S.C. § 207;<br><br>3) Breach of Contract; and<br><br>4) Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050.<br><br>**JURY TRIAL DEMANDED** |

COME NOW Plaintiffs MARKUS LEVERT and OMAR UNATING on behalf of themselves and all other similarly situated and typical persons and alleges the following:

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiffs named herein and their counsel. Each allegation in this

Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the claims alleged herein under 28 U.S.C. § 1331, the federal question being the application and interpretation of the Fair Labor Standards Act ("FLSA") which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

2. Plaintiffs are seeking to recover unpaid wages pursuant to an agreement to pay for all hours worked and/or under the wage laws of the State of Nevada. Plaintiffs therefore have a private right of action pursuant to Nevada Revised Statute ("NRS") Sections 608.040 and 608.140. Plaintiffs made a proper demand for wages due pursuant to NRS 608.140.

3. Venue is proper in this Court because one or more of the Defendants named herein maintains a principal place of business or otherwise is found in this judicial district and many of the acts complained of herein occurred in Clark County, Nevada.

## PARTIES

4. Defendant TRUMP RUFFIN TOWER I, LLC, d/b/a Trump International Hotel Las Vegas (hereinafter "Defendant" or "Trump Tower") is a Nevada corporation with a principal place of business at 2000 Fashion Show Dr., Las Vegas, Nevada. Trump Tower is an employer engaged in commerce under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

5. Plaintiff MARKUS LEVERT (hereinafter "Mr. Levert" or collectively with Mr. Unating, "Plaintiffs") is a natural person who is and was a resident of the State of Nevada at all relevant times herein and has been employed by Defendant as a non-exempt hourly employee in its Las Vegas property within the last three years.

6. Plaintiff OMAR UNATING (hereinafter "Mr. Unating" or collectively with Mr. Levert, "Plaintiffs") is a natural person who is and was a resident of the State of Nevada at all

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

relevant times herein and has been employed by Defendant as a non-exempt hourly employee in its Las Vegas property within the last three years.

7. The identity of DOES 1-50 is unknown at this time and this Complaint will be amended at such time when the identities are known to Plaintiffs. Plaintiffs are informed and believe that each Defendant sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or "Trump Tower" herein shall mean "Defendants and each of them."

## FACTUAL ALLEGATIONS

8. Plaintiffs were employed by Defendant as non-exempt hourly employees in its Las Vegas hotel. Specifically, Mr. Levert was employed as Head Bartender from approximately March 2008 through February 2013, while Mr. Unating was employed as a bartender from approximately June 2010 up to on or about November 11, 2013.

9. Defendant required Plaintiffs to perform numerous work activities before clocking-in and after clocking-out—i.e., "off-the-clock"—but did not compensate Plaintiffs for engaging in those activities. Plaintiffs and all similarly situated and typical employees (i.e., the putative class) worked over eight (8) hours in a workday and over forty (40) hours in a workweek and did not receive compensations at one and one-half (1 ½) times their regular hourly rate for the hours worked over 8 in a workday and over 40 in a workweek.

10. Defendant required Plaintiffs to wear company provided uniforms during their workday. Defendant maintained a company-wide policy all uniforms must stay on property and that all employees provided with a uniform must be in proper uniform prior to clocking-in and must clock-out prior to changing out of their uniform. In compliance with Defendant's uniform policy, Plaintiffs were required to go to the wardrobe room at the Trump Tower facility, pick up, and change into their work uniforms prior to clocking-in. Similarly, Plaintiffs were required to return to the wardrobe room after clocking-out to change out of their uniforms before leaving the facility. Plaintiffs estimate that it took approximately 20-minutes each and every day both pre and post shift to complete these activities but they were not compensated for this time. Upon personal observation and knowledge, all Trump Tower bartenders, bellmen, desk workers, spa

workers, retail workers, cashiers, and other employees who were provided with a uniform had to perform these same activities without compensation.

11. Because Plaintiffs were responsible for handling money transactions, Plaintiffs were also required to retrieve and deposit cash money from an "employee bank" before and after their shift each and every day. Like all other employees who handled cash, Plaintiffs had to go to the employee bank prior to clocking in to retrieve their allotted money—also referred to as their "bank"— and verify the bank amount. Similarly, Plaintiffs would have to go to the employee bank after clocking out to reconcile and deposit their bank. All cashier and money-handling employees were required to perform these same or similar tasks "off-the-clock" without receiving their regular pay for all hours worked every day of every shift, or time and one half their regular rate of pay if such time was more than eight hours in a day, or 40 in a workweek. Plaintiffs estimate that it took approximately 15-minutes each and every day both pre and post shift to complete these activities but they were not compensated for this time. Upon personal observation and knowledge, all Trump Tower employees who used a bank had to perform these same activities off-the-clock.

12. In addition to their uniform and banking activities, Plaintiffs were also required to pick up keys and set up their bar (including making coffee, getting ice, filling ice wells, juice, fresh fruit, and setting up the pastry station, among other tasks) off-the-clock. Plaintiffs estimate that it took approximately 45-minutes each and every day both pre shift to complete these activities but they were not compensated for this time.

13. Defendant maintained a policy that all its employees who were scheduled to work 6 continuous hours or longer would receive a 30-minute unpaid meal period. Plaintiffs, however, were routinely deprived a full uninterrupted 30-minute unpaid meal period. As will be evidenced by Defendant's timekeeping records, Plaintiffs are informed and believe that other non-exempt employees of Defendant were also deprived a full uninterrupted 30-minute unpaid meal period even though a full half hour of time was deducted from their pay. For any break less than 30 minutes, Plaintiffs and all class members are entitled to their full compensation.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

14. At all times relevant hereto, Defendant required, suffered, or permitted such off-the-clock uncompensated time to be worked by all its uniformed, cash-handling, and bartending employees.

15. Like all agreements, Defendant's agreement with its employees includes, expressly and/or implicitly, an agreement to pay non-exempt employees in accordance with all state and federal laws, and in particular, the labor laws of the state of Nevada. Defendants' handbook that is provided to Plaintiffs and all putative class members specifically states that "[i]t is the policy of TIHTLV to pay non-exempt associates overtime in accordance with federal, state, and local regulations." A true and correct copy of the relevant portion of Defendants' handbook stating as much is attached hereto as Exhibit A.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

16. Plaintiffs reallege and incorporate by reference all the paragraphs above in this Complaint as though fully set forth herein.

17. Plaintiffs bring this action on behalf of themselves and all other similarly situated and typical employees as both a collective action under the FLSA and a true class action under Rule 23 of the Federal Rules of Civil Procedure ("FRCP"). The Classes Plaintiffs seek to represent are defined as follows:

    A. **The Uniform Class:** All current and former hourly paid employees who, at any time during the relevant time period alleged herein, were provided with uniforms by Defendant (collectively "Uniform Class Members").

    B. **The Bank Class:** All current and former hourly paid employees who, at any time during the relevant time period alleged herein, were required to frequent the "employee bank" pre-shift and/or post-shift (collectively "Bank Class Members").

    C. **The Bartending Class:** All current and former hourly paid employees who, at any time during the relevant time period alleged herein, were required to collect tools and/or set up the bar pre-shift and/or post-shift (collectively "Bartending Class Members").

    D. **The Wages Due and Owing Subclass:** All Uniform, Bank, and Bartending class members, who, at any time during the Class Period,

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

were terminated or otherwise separated from employment (collectively "Wages Due and Owing Class Members").

18. With regard to the conditional certification mechanism under the FLSA, Plaintiffs are similarly situated to those that they seek to represent for the following reasons, among others:

A. Defendants employed Plaintiffs as hourly employees who did not receive pay for all hours that Defendant suffered or permitted them to work, and did not receive overtime premium pay of one and one half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

B. Plaintiffs' situation is similar to those they seek to represent because Defendants failed to pay Plaintiffs and all other members of the relevant Classes for all time they were required to work, including time spent performing off-the-clock activities, pursuant to a uniform policy, plan and/or practice.

C. Common questions of fact and/or law exists whether the time spent by Plaintiffs and all other members of the relevant Classes engaging in off-the-clock activities is compensable under federal law and whether Defendants failed to pay them one and one half times their regular rate for all hours worked in excess of 40 hours a week.

D. Upon information and belief, Defendants employ, and have employed, in excess of 750 Class Members within the applicable statute of limitations.

E. Plaintiffs have filed or will file their consents to sue with the Court.

F. Defendants have known or should have known its policies alleged herein were unlawful and that they owe employees this money, and have willfully failed to pay their employees properly.

19. FRCP Rule 23(b)(3) Class treatment for the non-FLSA breach of contract related claims alleged in this complaint is appropriate in this case for the following reasons:

A. <u>The Class is Sufficiently Numerous</u>: Upon information and belief, Defendants employ, and have employed, in excess of 750 Class Members within the applicable statute of limitations.

B. <u>Plaintiffs' Claims are Typical to Those of Fellow Class Members</u>: Each Class Member is and was subject to the same practices, plans, or policies as Plaintiffs—

Defendants required Uniform, Bank, and Bartending Class Members to perform off-the-clock activities without compensation; failed to provide an uninterrupted 30-minute meal period to Meal Period Class Members; and did not pay Wages Due and Owing Class Members all their wages due and owing at the time of separation.

C. <u>Common Questions of Law and Fact Exist</u>: Common questions of law and fact exist and predominate as to Plaintiffs and the Classes, including, without limitation: Whether the time spent by Plaintiffs and Uniform, Bank, and Bartending Class Members engaging in off-the-clock activities is compensable under Nevada law; Whether Plaintiffs and Meal Period Class Members were deprived an uninterrupted 30-minute meal period; and Whether Plaintiffs and Wages Due and Owing Class Members are entitled to waiting time penalties.

D. <u>Plaintiffs are an Adequate Representative of the Classes</u>: Plaintiffs will fairly and adequately represent the interests of the Classes because Plaintiffs are members of each Class, they have issues of law and fact in common with all members of the Classes, and they do not have interests that are antagonistic to members of the Classes.

E. <u>A Class Action is Superior</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Classes is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Classes to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

**FIRST CAUSE OF ACTION**

**Failure to Pay Wages in Violation of the FLSA, 29 U.S.C. § 201, et seq.**

(On Behalf of Plaintiffs and all members of the Uniform, Bank, and Bartending Classes Against Defendant)

20. Plaintiffs reallege and incorporate by reference all the paragraphs above in this Complaint as though fully set forth herein.

21. Pursuant to the FLSA, 29 U.S.C. § 201, et seq., Plaintiffs and all Uniform, Bank, and Bartending Class Members are entitled to compensation at their regular rate of pay or minimum wage rate, whichever is higher, for all hours actually worked.

22. 29 U.S.C. § 206(a)(l) states that: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than (A) $5.85 an hour beginning on the 60th day after the enactment of the Fair Minimum Wage Act of 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and C) $7.25 an hour, beginning 24 months after that 60th day."

23. By failing to compensate Plaintiffs and the Uniform Class Members for the time spent engaging in the pre-shift and post-shift uniform activities described above, Defendant failed to pay Plaintiffs and all other members of the Uniformed Class for all hours worked.

24. By failing to compensate Plaintiffs and the Bank Class Members for the time spent engaging in pre-shift and post-shift banking activities, Defendant failed to pay Plaintiffs and Bank Class Members for all hours worked.

25. By failing to compensate Plaintiffs and the Bartending Class Members for the time spent engaging in the pre-shift and post-shift bartending activities described above, Defendant failed to pay Plaintiffs and Bartending Class Members for all hours worked.

26. Defendants' unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

27. Wherefore, Plaintiffs demand for themselves and for all others similarly situated, that Defendant pays Plaintiffs and all other members of the Uniform, Bank, and Bartending

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

Classes the minimum hourly wage rate or their regular rate of pay, whichever is greater, for all hours worked during the relevant time period alleged herein, together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

(On Behalf of Plaintiffs and all members of the Uniform, Bank, and Bartending Classes Against Defendant)

28.  Plaintiffs reallege and incorporate by reference all the paragraphs above in this Complaint as though fully set forth herein.

29.  29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

30.  Once the work day has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's regular rate of pay, whether scheduled or not.

31.  By failing to compensate Plaintiffs and the Uniform Class Members for the time spent engaging in the pre-shift and post-shift uniform activities described above, Defendant failed to pay Plaintiffs and all other members of the Uniformed Class overtime pay for all hours worked in excess of forty (40) hours in a week.

32.  By failing to compensate Plaintiffs and the Bank Class Members for the time spent engaging in pre-shift and post-shift banking activities, Defendant failed to pay Plaintiffs and Bank Class Members overtime pay for all hours worked in excess of forty (40) hours in a week.

33.  By failing to compensate Plaintiffs and the Bartending Class Members for the time spent engaging in the pre-shift and post-shift bartending activities described above, Defendant

failed to pay Plaintiffs and Bartending Class Members overtime pay for all hours worked in excess of forty (40) hours in a week.

34. Defendants' unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

35. Wherefore, Plaintiffs demand for themselves and for all others similarly situated, that Defendant pay Plaintiffs and all other members of the Uniform, Bank, and Bartending Classes one and one half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period alleged herein, together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## THIRD CAUSE OF ACTION

### Breach of Contract

( On Behalf of Plaintiffs and all members of the Uniform, Bank, and Bartending Classes

Against Defendant)

36. Plaintiffs reallege and incorporates by reference all the paragraphs above in this Complaint as though fully set forth herein.

37. NRS 608.140 provides that an employee has a private right of action for unpaid wages: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the Plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit." Plaintiffs made a demand for unpaid wages upon Defendant pursuant to NRS 608.140 but satisfactory payment was not received.

38. At all times relevant herein, Defendant had an agreement with Plaintiffs and with every Class Member to pay an agreed upon hourly wage rate for all hours they worked for Defendant. Indeed, Defendant offered and promised to pay Plaintiffs and Class Members a

specific rate of pay in exchange for Plaintiffs and Class Members' performed work for Defendant pursuant to that offer and promise.

39.     The parties' employment agreement necessarily incorporated all applicable provisions of both state and federal law, including the labor laws of the State of Nevada, which provides that employees shall be compensated for at least the minimum wage for all the hours they work (Article 15 Section 16 of the Nevada Constitution), employees shall be compensated all the hours they work (NRS 608.016), employees shall be compensated overtime at a rate of 1 ½ times their regular rate of pay for all hours worked over 8 in a day and/or over 40 in a workweek (NRS 608.018).

40.     Furthermore, Defendants maintained an employment handbook that set forth all the compensation policies and procedures by which it would compensate Plaintiffs and putative class members.  Plaintiffs and putative class members relied upon the terms of Defendants policies and procedures set forth in the employment handbook.

41.     Defendant beached its agreement with Plaintiffs and Class Members by failing to compensate them for all non-overtime and overtime hours worked, namely, for hours spent performing work activities off-the-clock, at the agreed upon rate of pay.

42.     As a result of Defendant's breach, Plaintiffs and Class Members have suffered an economic loss that includes lost wages and interest.

43.     Wherefore, Plaintiffs demand for themselves and for Class Members that Defendant pay Plaintiffs and Class Members their agreed upon rate of pay for all hours worked off the clock during the relevant time period alleged herein together with attorney's fees, costs, and interest as provided by law.

**FOURTH CAUSE OF ACTION**

**Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050**

(On Behalf of Plaintiffs and Wages Due and Owing Class Against Defendant)

44.     Plaintiffs reallege and incorporate by reference all the paragraphs above in this Complaint as though fully set forth herein.

45. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

46. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

47. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

48. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

49. By failing to pay Plaintiffs and all members of the Uniformed Subclass, the Employee Bank Subclass and the Wages Due and Owing Subclass for all hours worked in violation of federal law and in breach of ther parties implied and express contract, at the correct legal rate, Defendant has failed to timely remit all wages due and owing to Plaintiffs and all members of the Uniformed Subclass, the Employee Bank Subclass and the Wages Due and Owing Subclass upon termination and for sixty days thereafter.

50. Despite demand, Defendant willfully refuses and continues to refuse to pay Plaintiffs and all subclass Members who are former employees all the wages that were due and owing upon the termination of their employment.

51. Wherefore, Plaintiffs demand thirty (30) days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050, for all members of the Uniformed Subclass, the Employee Bank Subclass and the Wages Due and Owing

Subclass who have terminated employment from Defendant, together with attorneys' fees, costs, and interest as provided by law.

## **JURY TRIAL DEMANDED**

Plaintiffs hereby demand a jury trial pursuant to Federal Rule of Civil Procedure 38.

## **PRAYER FOR RELIEF**

Wherefore Plaintiffs, individually and on behalf of Class Members, pray for relief as follows relating to their collective and class action allegations:

1. For an order conditionally certifying this action under the FLSA and providing notice to all members of the FLSA Class so they may participate in this lawsuit;
2. For an order certifying this action as a traditional class action under Federal Rule of Civil Procedure Rule 23 on behalf of each of the Breach of Contract Class;
3. For an order appointing Plaintiffs as the Representatives of each Class and their counsel as Class Counsel for each Class;
4. For damages according to proof for regular rate pay under federal laws for all hours worked;
5. For damages according to proof for minimum rate pay under federal law for all hours worked;
6. For damages according to proof for overtime compensation under federal law for all hours worked over 40 per week;
7. For liquidated damages pursuant to 29 U.S. C. § 216(b);
8. For damages pursuant to Defendant's breach of contract;
9. For sixty days of waiting time penalties pursuant to NRS 608.140 and 608.040-.050;
10. For interest as provided by law at the maximum legal rate;
11. For reasonable attorneys' fees authorized by statute;
12. For costs of suit incurred herein;
13. For pre-judgment and post-judgment interest, as provided by law; and
14. For such other and further relief as the Court may deem just and proper.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

DATED: July 21, 2014

/s/Joshua D. Buck
Mark R. Thierman
Joshua D. Buck
Leah L. Jones

Attorneys for Plaintiffs