# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARKUS LEVERT and OMAR UNATING, on behalf of themselves and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>TRUMP RUFFIN TOWER I, LLC dba TRUMP INTERNATIONAL HOTEL LAS VEGAS; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | 2:14-cv-01009-RCJ-CWH<br><br>**ORDER** |

This case arises from Defendant Trump Ruffin Tower I, LLC's ("Defendant") alleged violation of the Fair Labor Standards Act ("FLSA") and Nevada wage and overtime laws. Currently before the Court is Defendant's Motion to Dismiss (ECF No. 15) Plaintiffs' first amended complaint ("FAC" or "the Complaint"). The Court has considered the motion as well as Plaintiffs' Response (ECF No. 16) and Defendant's Reply (ECF No. 23).

Also before the Court is Plaintiffs' Motion for Conditional Certification (ECF No. 19) pursuant to 29 U.S.C. Section 216(b). Defendant filed an opposition to this motion (ECF No. 27) and Plaintiffs replied (ECF No. 34). For the reasons contained herein, Defendant's motion to dismiss is GRANTED without prejudice and Plaintiffs' motion to certify is DENIED as moot.

## I.     BACKGROUND

Defendant is a Nevada entity doing business as Trump International Hotel Las Vegas ("Trump Tower") located in Las Vegas, Nevada. (FAC ¶ 4, ECF No. 9).  Plaintiff Markus Levert ("Levert") was employed as the head bartender at Trump Tower from approximately March 2008 through February 2013, while Plaintiff Omar Unating ("Unating") was employed as a bartender there from approximately June 2010 through November 2013. (*Id.* ¶ 8).  Plaintiffs allege that Defendant required them to perform "off-the-clock" activities for which they received no compensation.  Defendant allegedly required Plaintiffs to wear company uniforms during the workday and maintained a policy that uniforms were to stay on the property at all times, which meant that Plaintiffs were required to retrieve and change into their uniforms each day before "clocking in" for work and then to change out of their uniforms after "clocking out." (*Id.* ¶ 10). Plaintiffs estimate that it took 20 minutes each day both pre- and post-shift to complete this activity but allege that they did not receive compensation for it. (*Id.*).

As bartenders, Plaintiffs were also responsible for handling money transactions, which allegedly required them to retrieve and deposit cash from an "employee bank" before and after their shifts each day. (*Id.* ¶ 11).  Plaintiffs claim that they received no compensation for these pre- and post-shift responsibilities. (*Id.*).  They estimate that it took 15 minutes each day both before and after their shifts to make the necessary withdrawals and deposits. (*Id.*).  Plaintiffs allege that Defendant also required them to pick up keys and prepare the bars, "including making coffee, getting ice, [and] filling ice wells," prior to "clocking in." (*Id.* ¶ 12).  Plaintiffs claim that these pre-shift activities took approximately 45 minutes to complete each day. (*Id.*).

Plaintiffs allege that Defendant required all "uniformed, cash-handling, and bartending employees" to perform these same or similar off-the-clock activities. (*Id.* ¶ 14).  Plaintiffs

brought this case in Nevada state court and Defendant timely removed (ECF No. 1). After removal, Defendant filed a motion to dismiss Plaintiffs' original complaint (ECF No. 5). Before the Court ruled on that motion, however, Plaintiffs submitted their FAC alleging violations of federal and state labor laws on behalf of themselves and other employees similarly situated. Defendant then filed the instant motion to dismiss Plaintiffs' FAC for failure to state claims for which relief could be granted pursuant to Rule 12(b)(6). While that motion was pending, Plaintiffs submitted a motion requesting that the Court certify their proposed classes.

## II.    LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations, but it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass Rule 12(b)(6) muster, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678.

3

1  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

2  enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

3  **III.   DISCUSSION**

4  　　　Plaintiffs' Complaint contains four causes of action.  The first and second causes of

5  action assert that Defendant failed to comply with the FLSA's minimum wage and overtime

6  requirements under 29 U.S.C. Sections 206 and 207.  The third and fourth causes of action allege

7  violations of Nevada law.

8  　　　**A.  FLSA Causes of Action**

9  　　　 "The FLSA's minimum wage and overtime provisions are central among the protections

10 the Act affords to workers." *Adair v. City of Kirkland*, 185 F.3d 1055, 1059 (9th Cir. 1999).  The

11 FLSA provides that employers must pay employees a minimum wage of at least $7.25 per hour

12 worked during any workweek. 29 U.S.C. § 206(a).  A violation of the FLSA occurs only when

13 the total weekly wage paid by the employer, "when averaged across the[] total time worked,"

14 falls below the minimum weekly requirement. *Adair*, 185 F.3d at 1063; *see also Monahan v.*

15 *Cnty. of Chesterfield*, 95 F.3d 1263, 1270–1272 (4th Cir. 1996); *Hensley v. MacMillan Bloedel*

16 *Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986); *Dove v. Coupe*, 759 F.2d 167, 171 (D.C. Cir.

17 1985); *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960).  The

18 minimum weekly requirement is calculated by multiplying the minimum hourly statutory

19 requirement by the number of hours actually worked in a particular week. *See Hensley*, 786 F.2d

20 at 357 (citing *Klinghoffer*, 285 F.2d at 490).

21 　　　In this case, Plaintiffs allege that Defendant violated Section 206 by failing to pay them

22 "for all hours worked." (FAC ¶ 23).  Such an allegation fails to understand the standard

23 applicable to minimum wage cases.  "If [Plaintiffs'] average weekly pay does not fall below

24

4

1  $7.25 per hour, then the FLSA does not grant them a remedy for minimum wage violations. This
2  is so regardless of whether they were actually paid for each hour worked." *Sullivan v. Riviera*
3  *Holdings Corp.*, No. 2:14-cv-00165-APG, 2014 WL 2960303, at *2 (D. Nev. June 30, 2014)
4  (Gordon, J.). Plaintiffs' Complaint does not contain enough facts for the Court to determine
5  whether they were, in fact, paid below the minimum wage amount. Plaintiffs fail to even state
6  the hourly wage at which they were paid while employed by Defendant. Thus, even if the Court
7  accepts as true that Defendant required Plaintiffs to perform various activities off-the-clock,
8  there are no facts in the Complaint that allows the Court to infer that the total amount of
9  compensation received by Plaintiffs for a given workweek fell below the amount due under
10 Section 206. The Court, therefore, GRANTS Defendant's motion as to Plaintiffs' first cause of
11 action. However, the Court also grants Plaintiffs leave to amend their Complaint to include facts
12 showing that they received less than minimum wage for any given workweek.

13         Whether Plaintiffs' second cause of action should be dismissed presents a closer
14 question, however. The FLSA states that an employer shall not employ an employee longer than
15 40 hours in a workweek unless the employee is compensated "at a rate not less than one and
16 one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1).
17 Defendant argues that Plaintiffs' Complaint inadequately pleads the overtime claim because it
18 fails to provide (1) examples of weeks in which Plaintiffs worked in excess of forty hours, (2) an
19 approximated amount of total hours of uncompensated time, and (3) an approximated amount of
20 overtime compensation owed to Plaintiffs. (Def.'s Reply 7, ECF No. 34). The Court agrees with
21 Defendant only in part. In reaching its conclusion, the Court relies on *Landers v. Quality*
22 *Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014), a recent Ninth Circuit decision that
23 addresses the degree of specificity required to state a claim under the *Iqbal*/*Twombly* standard for
24

5

1  failure to pay overtime wages pursuant to the FLSA.  The Court recognizes that the parties did

2  not have the benefit of this opinion when drafting their respective memoranda as it was

3  published after the memoranda were filed.

4  In *Landers*, the court reviewed the holdings of other circuits regarding the amount of

5  facts needed to properly state a claim under the FLSA, evaluating many of the cases that

6  Defendant cites in its motion to dismiss, including *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir.

7  2012) and *Dejesus v. HF Management Services, LLC*, 726 F.3d 85, 89 (2d Cir. 2013).  The court

8  held that detailed factual allegations regarding the number of overtime hours worked were not

9  required to state a plausible claim. *Id.* at 644.  And while a plaintiff "may establish a plausible

10 claim by estimating the length of her average workweek during the applicable period and the

11 average rate at which she was paid, the amount of overtime wages she believes she is owed, or

12 any other facts that will permit the court to find plausibility," such approximations are not "the

13 *sine qua non* of plausibility for claims brought under the FLSA." *Id.* at 645.  However, the court

14 explained that a plaintiff must recite more than conclusory allegations that follow the statutory

15 language in order to avoid dismissal. *Id.* at 644.  "[A]t a minimum, a plaintiff asserting a

16 violation of the FLSA overtime provisions must allege that she worked more than forty hours in

17 a *given* workweek without being compensated for the hours worked in excess of forty during that

18 week." *Id.* at 645 (emphasis added).  "Although plaintiffs in these types of cases cannot be

19 expected to allege 'with mathematical precision,' the amount of overtime compensation owed by

20 the employer, they should be able to specify *at least one workweek* in which they worked in

21 excess of forty hours and were not paid overtime wages." *Id.* at 646 (emphasis added).

22 Applying this standard to the case before it, the court affirmed the district court's

23 dismissal of the complaint for failure to state a claim.  The complaint alleged in part that the

24

6

employee had "worked more than 40 hours per week for the defendants, and the defendants willfully failed to make said overtime and/or minimum wage payments." *Id.* The court found that this was insufficient factual information to satisfy the *Iqbal*/*Twombly* standard because "[t]he complaint did not allege facts showing that there was a specific week in which [the employee] was entitled to but denied . . . overtime wages." *Id.* at 645. "Notably absent from the allegations in [the employee's] complaint . . . was any detail regarding a specific workweek when [the employee] worked in excess of forty hours and was not paid overtime for that specific workweek . . . ." *Id.* at 646.

In this case, Plaintiffs, like the employee in *Landers*, claim that they worked "over forty (40) hours in a workweek and did not receive compensations at one and one-half times their regular hourly rate." (FAC ¶ 9). Plaintiffs also allege that they worked in excess of eight hours every workday. (*Id.*). However, *Landers* is clear that a plaintiff fails to state a claim under the FLSA by simply alleging that he or she worked "more than 40 hours per week." *Id.* Instead, the plaintiff must allege that he or she worked more than 40 hours in a specific workweek and was not paid overtime for that specific week. *Id.* Plaintiffs do not identify a specific workweek during which they worked in excess of 40 hours, but instead allege that "each and every day" they were required to perform 115 minutes of additional work-related activities.[1] However, the Complaint is silent on the number of eight-hour shifts Plaintiffs were assigned each week. Since Section 207 only regulates the amount of time employees work in a week rather than in a day, *see* 29 U.S.C. § 207(a)(1), the Complaint needs to include a factual element that would allow the Court to bridge Plaintiffs' allegations of daily off-the-clock work with the total amount of time that Plaintiffs worked in any given week. This is true even if Plaintiffs assert that they worked

---

[1] Per the Complaint, Plaintiffs spent 20 minutes both before and after their shifts putting on and taking off their uniforms, 15 minutes both before and after their shifts retrieving and depositing money in the employee bank, and 45 minutes before their shifts setting up the bar. (FAC ¶¶ 10–12).

overtime every week during their employment with Defendant, which is not actually alleged in the Complaint. *See Perez v. Wells Fargo & Co.*, No. C14-0989 PJH, 2014 WL 6997618, at *7 (N.D. Cal. Dec. 11, 2014) (finding that under *Landers*, bare allegations that plaintiffs "regularly" or "consistently" worked more than 40 hours a week fall short of the *Iqbal*/*Twombly* standard).

Plaintiffs allege that each and every day they engaged in approximately 115 minutes of unpaid activities. If, as Plaintiffs claim, they worked an extra 115 minutes per day beyond their eight hour shift, then presumably they indeed worked more than 40 hours a week. This finding, though, requires the Court to assume that Plaintiffs were assigned at least five shifts of eight hours each workweek, which is also something that the Complaint does not allege.[2] If Plaintiffs did in fact work an additional 115 minutes each and every workday, but were assigned only four days of work a week, then the total amount of time Plaintiffs spent working during any given week would equate to 33 hours and 55 minutes (32 hours of assigned shift work plus 115 minutes of off-the-clock activities). Under this scenario, Defendant could not have violated Section 207 of the FLSA because the amount of time worked per week would be less than 40 hours. Plaintiffs' failure to plead the number of eight hour shifts assigned to each of them in any given week is not cured by the conclusory allegation that they worked more than 40 hours in a workweek. As *Landers* states, plaintiffs are expected to "draw on their memory and personal experience to develop factual allegations" beyond simply stating that they worked more than 40 hours a week. 771 F.3d at 646 (citing *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013)).

Even if the Court considers all the weeks Plaintiffs worked during their time employed by Defendant as "specific" workweeks, the additional facts regarding the amount of off-the-clock

---

[2] Nor does the Complaint claim that Plaintiffs were "full-time" employees, which would lead to the inference that they routinely worked 40-hour workweeks.

8

work performed by Plaintiffs and the nature of those activities still do not allow the Court to infer that Plaintiffs actually worked more than 40 hours in any given workweek. Because Plaintiffs do not allege that they were always or even usually assigned five workdays a week, their assertion that they performed an additional 115 minutes of work beyond their eight hour shifts "each and every day" does not *ipso facto* mean that they worked in excess of 40 hours every week.

The Court notes that Plaintiffs' failure to allege a *specific* workweek during which they worked in excess of 40 hours is not necessarily fatal to their claim. After all, Plaintiffs allege that they worked off-the-clock each and every day. So, if Plaintiffs were to assert that they worked more than eight hours on any given day and that they were always assigned to work at least five days a week, then that might be enough for the Court to infer that in every workweek during their employment, Plaintiffs were working more than 40 hours and are entitled to the appropriate compensation. Thus, in Plaintiffs' situation, identifying individual weeks may be unnecessary to satisfy the *Iqbal*/*Twombly* standard since Plaintiffs would be demonstrating that the overtime violations were occurring every week during their employment and not only on specific weeks. Nevertheless, the Complaint does not plead enough facts for the Court to make this inference.

Therefore, the Court GRANTS Defendant's motion to dismiss as to Plaintiffs' overtime claim. Plaintiffs, however, can cure the deficiency in their Complaint by simply alleging that they worked at least five eight-hour days plus the additional 115 minutes per day of uncompensated time in a specific workweek (or weeks) and that they did not receive overtime compensation for that week (or weeks). Such a showing would go beyond merely "plead[ing] facts consistent with a defendant's liability," *Iqbal*, 556 U.S. at 678, which is all that Plaintiffs'

current assertions tend to do. Accordingly, the Court grants Plaintiffs leave to amend their Complaint as to this claim as well.

### B. Supplemental Jurisdiction

28 U.S.C. Section 1367(c)(3) states that district courts "may decline to exercise supplemental jurisdiction over [related claims] . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Plaintiffs' FLSA claims are the only claims alleged in the Complaint over which the Court has original jurisdiction. Since the Court dismisses those claims without prejudice, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims at this time.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 15) is GRANTED. Plaintiffs are granted leave to amend. They may file a second amended complaint within thirty (30) days of the entry of this Order if sufficient facts exist to satisfy the pleading requirements outlined above. If no amendment is filed within thirty (30) days, the Complaint will be dismissed without prejudice and this case will be closed without further notice.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Conditional Certification (ECF No. 19) is DENIED as moot.

IT IS SO ORDERED.

Dated: January 9, 2015

_____
ROBERT C. JONES
United States District Judge